UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIMOTHY BRIAN FLESSNER,

        Plaintiff,                          Case No. 1:09-cv-681

v.                                          Honorable Robert Holmes Bell

FORD K. STONE et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and the Court has ordered Plaintiff to pay the initial partial filing fee when funds become available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). In addition, under FED. R. CIV. P. 12(h)(3), if at any time a court determines that it lacks subject matter jurisdiction, it must dismiss the action. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will abstain from exercising its jurisdiction and will dismiss the action without prejudice.

**Discussion**

I. <u>Factual allegations</u>

Plaintiff Timothy Brian Flessner currently is confined in the Manistee County Jail. He sues Manistee County Circuit Court Judge James M. Batzer, Manistee County Prosecutor Ford K. Stone, and Attorney William N. Grant. According to the somewhat confusing allegations of the amended complaint, Plaintiff is being held as a pretrial detainee on a charge of criminal sexual conduct. Plaintiff alleges that he has been held awaiting trial for more than 420 days and that Judge Batzer and Prosecutor Stone have demonstrated bias against him and have judged him before trial. He contends that he has been placed on the Sex Offender Registry, despite not having yet been convicted. He also asserts that his court-appointed attorney is not working for him.

For relief, Plaintiff seeks an injunction dismissing the criminal charges against him and disbarring Judge Batzer and Prosecutor Stone.

II. <u>Jurisdiction</u>

The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court must abstain from addressing Plaintiff's claims under the principles enunciated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending

state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. (*Id.* at 44.) The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is both mandatory and proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors that support *Younger* abstention are present in this case. First, according to Plaintiff's own allegations, a state judicial proceeding was ongoing when Plaintiff filed his complaint. Second, state criminal proceedings involve important state interests. *See, e.g., Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Plaintiff from presenting his federal claims in the pending state court proceedings. If he does so, and the trial court denies or otherwise fails to consider his constitutional claims, he may exercise his right to an appeal under Michigan law.

Abstention therefore is appropriate in the absence of one of three exceptions to the *Younger* abstention doctrine in which: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions," *Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or, (3) there is "an extraordinarily pressing

need for immediate federal equitable relief." *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

Here, although Plaintiff alleges that Defendants are biased and that the state lacks evidence to prove the charges against him, he has failed entirely to allege that the proceedings against him were motivated by a desire to harass him. The excerpt from the hearing transcript attached to the amended complaint also fails to demonstrate any bias or bad faith in the prosecution. (*See* Ex. 1 to Am. Compl., docket #4-2.) In addition, Plaintiff does not challenge the constitutionality of the statute under which he has been charged. Further, Plaintiff's allegations are wholly insufficient to demonstrate an extraordinary need for immediate relief. Accordingly, Plaintiff's complaint must be dismissed without prejudice. *See Zalman*, 802 F.2d at 207 n.11 (noting that *Younger* abstention requires dismissal of the complaint).

## Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed without prejudice because the Court must abstain from exercising its subject matter jurisdiction.

A Judgment consistent with this Opinion will be entered.


Dated:   August 7, 2009                    /s/ Robert Holmes Bell
                                           Robert Holmes Bell
                                           United States District Judge